IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONOVAN DELANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1160-JLH |
| ) | |
| NEW CASTLE COUNTY, a Municipal ) | |
| Corporation, JOSEPH S. BLOCH, both in ) | |
| his individual and in his official capacities, ) | |
| JOHN TREADWELL, in his individual ) | |
| capacity only, LAURA O'SULLIVAN, in ) | |
| her individual capacity only, MATTHEW ) | |
| ASTFALK, in his individual capacity only, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court are Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC") (D.I. 38, 39). Having reviewed the briefing and the relevant authorities, the motions are resolved as set forth below.

1. This Order assumes familiarity with the facts alleged in the SAC. The SAC has ten counts, all arising from Plaintiff's employment as a New Castle County ("NCC") Police Officer. The SAC names NCC as a Defendant, as well as four individuals.

2. Defendants Matthew Astfalk and Joseph Bloch move to dismiss all claims against them under Federal Rules of Civil Procedure 12(b)(5)[1] and 4(m)[2] for insufficient service of

---

[1] Under Rule 12(b)(5), a defendant can move to dismiss for "insufficient service of process."

[2] Rule 4(m) says that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

process. (D.I. 38.) This is the third time Defendants Astfalk and Bloch have moved to dismiss for insufficient service of process. Plaintiff filed the original Complaint on September 1, 2022. (D.I. 1.) Plaintiff did not serve Defendants Astfalk or Bloch within the 90-day time limit in Federal Rule of Civil Procedure 4(m), and Plaintiff did not ask for an extension before the deadline. Defendants Astfalk and Bloch moved to dismiss the original Complaint for insufficient service of process. (D.I. 10.) Plaintiff responded and admitted that he had not served either. (D.I. 17 at 12.) Plaintiff filed a First Amended Complaint ("FAC") on December 15, 2023. (D.I. 23.) Defendants Astfalk and Bloch again moved to dismiss for insufficient service of process. (D.I. 25.) Plaintiff responded and admitted that he still had not served Astfalk and Bloch with the Complaint or the FAC and that he had not even attempted to serve the FAC. (D.I. 29 at 12.) Plaintiff filed the operative SAC on November 18, 2024. (D.I. 37.) Defendants Astfalk and Bloch once again moved to dismiss for insufficient service of process. (D.I. 38.) Plaintiff responded and admitted that he still has not served Astfalk and Bloch with the original Complaint, the FAC, or the SAC, and that he has never attempted to serve the FAC or SAC. (D.I. 41 at 12.) Plaintiff has not shown good cause to extend the deadline for service, and, having considered the relevant factors, the Court declines in its discretion to extend the deadline for service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Gish v. Att'y Gen. U.S.*, 604 F. App'x 119, 121 (3d Cir. 2015) ("[N]either half-hearted efforts prior to the deadline nor inadvertence by counsel constitutes good cause."). The claims against Astfalk and Bloch are dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

3.     Count I of the SAC is a Title VII employment discrimination claim. Plaintiff included this claim in the SAC against Defendants Treadwell and O'Sullivan notwithstanding that Plaintiff has previously acknowledged twice—in his response to Defendants' motions to dismiss

the original Complaint (D.I. 17 at 2) and in his response to Defendants' motions to dismiss the FAC (D.I. 29 at 2)—that he cannot proceed with a Title VII claim against individuals. In his response to Defendants' motion to dismiss Count I of the SAC, Plaintiff again agrees that Treadwell and O'Sullivan are "not proper defendants." (D.I. 41 at 2.) Count I will proceed against NCC only.

4.	Count II of the SAC is a claim under the Americans with Disabilities Act ("ADA"). Plaintiff included this claim in the SAC against Defendants Treadwell and O'Sullivan notwithstanding that Plaintiff has previously acknowledged twice—in his response to Defendants' motions to dismiss the original Complaint (D.I. 17 at 2) and in his response to Defendants' motions to dismiss the FAC (D.I. 29 at 2)—that he cannot proceed with an ADA claim against individuals. In his response to Defendants' motion to dismiss Count II of the SAC, Plaintiff again agrees that Treadwell and O'Sullivan are "not proper defendants." (D.I. 41 at 2.) Count II is dismissed against Defendants Treadwell and O'Sullivan.

5.	Defendant NCC moves to dismiss Count II on the basis that Plaintiff failed to exhaust administrative remedies. The record reflects that Plaintiff's May 3, 2024 EEOC charge complained of disability discrimination. Accordingly, the Court will deny NCC's motion to dismiss Count II in its entirety. That said, it appears that much of the complained-of conduct occurred more than 300 days before Plaintiff's May 3, 2024 EEOC charge. (D.I. 40, Ex. C.) *See Riley v. Delaware River & Bay Auth.*, 457 F. Supp. 2d 505, 510 (D. Del. 2006) (explaining that "[a] claimant bringing a charge of discrimination . . . in Delaware has 300 days from the time of the alleged discriminatory act to file a complaint with the EEOC."). Accordingly, at the appropriate time, NCC may move for summary judgment that relief for some of the alleged conduct is time-barred.

6. Count III of the SAC is a Title VII retaliation claim. Plaintiff included this claim in the SAC against Defendants Treadwell and O'Sullivan notwithstanding that Plaintiff has previously acknowledged twice—in his response to Defendants' motions to dismiss the original Complaint (D.I. 17 at 2) and in his response to Defendants' motions to dismiss the FAC (D.I. 29 at 2)—that he cannot proceed with a Title VII retaliation claim against individuals. In his response to Defendants' motion to dismiss Count III of the SAC, Plaintiff again agrees that Treadwell and O'Sullivan are "not proper defendants." (D.I. 41 at 2.) Count III will proceed against NCC only.

7. Count IV of the SAC is an ADA retaliation claim. Plaintiff included this claim in the SAC against Defendants Treadwell and O'Sullivan notwithstanding that Plaintiff has previously acknowledged twice—in his response to Defendants' motions to dismiss the original Complaint (D.I. 17 at 2) and in his response to Defendants' motions to dismiss the FAC (D.I. 29 at 2)—that he cannot proceed with an ADA retaliation claim against individuals. In his response to Defendants' motion to dismiss Count IV of the SAC, Plaintiff again agrees that Treadwell and O'Sullivan are "not proper defendants." (D.I. 41 at 2.) Count IV will proceed against NCC only.

8. Count V is styled, "Race Discrimination in Employment Contract Under § 1981," and Count VII is styled, "Retaliation Under § 1981." Defendants NCC, Treadwell, and O'Sullivan move to dismiss Counts V and VII because 42 U.S.C. § 1981 does not give rise to a private right of action. *See McGovern v. City of Phila.*, 554 F.3d 114, 121 (3d Cir. 2009). Plaintiff does not dispute that there is no private right of action under § 1981, but he points out that there is a private right of action under 42 U.S.C. § 1983 (which he asserts in Counts VI and VIII). Counts V and VII are dismissed.

9. Count VI is styled "Race Discrimination in Employment Under § 1983," and Count VIII is styled "Fourteenth Amendment Retaliation Under § 1983." Defendant NCC moves to

4

dismiss Counts VI and VIII under Federal Rule of Civil Procedure 12(b)(6)[3] because the SAC fails to state a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See id.* (holding that a municipality may be held liable under 42 U.S.C. § 1983 where a constitutional injury is caused by a municipal policy or custom); *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006). I agree. Plaintiff contends that Defendant Bloch had authority to implement certain NCC policies, but that's not enough to plausibly allege an official employment policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 n.12 (1986). And Plaintiff fails to plead any pattern of conduct, aside from his own experiences, that plausibly suggests a municipal custom. *See Bolden v. City of Wilmington*, No. 18-74-CJB, 2019 WL 133314, at *3 n.2 (D. Del. Jan. 8, 2019). Counts VI and VIII are dismissed against Defendant NCC.

10. Defendants Treadwell and O'Sullivan move to dismiss Count VI on the basis that the SAC does not specify either's personal involvement in the alleged unlawful conduct. "Individual liability can be imposed under § 1983 only if the state actor played an 'affirmative part' in the alleged misconduct." *Carter v. Taylor*, 557 F. Supp. 2d 469, 473 (D. Del. 2008) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). I agree that the SAC does not

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

plausibly allege the personal involvement of Treadwell or O'Sullivan in unlawful conduct. The Court will dismiss Count VI as to Treadwell and O'Sullivan.

11. Defendants Treadwell and O'Sullivan (and NCC) move to dismiss Count VIII because "a § 1983 retaliation action is not actionable under the Equal Protection clause." (D.I. 40 at 12 (citing *Price v. Del. Dep't of Corr.*, 40 F. Supp. 2d 544, 558 (D. Del. 1999) & *Thomas v. Indep. Twp.*, 463 F.3d 285, 297–98 & n.6 (3d Cir. 2006)).) Plaintiff does not respond to that argument in his brief. Count VIII will be dismissed in its entirety.

12. Count IX of the SAC is styled, "First Amendment Petitions Clause." Plaintiff included this claim in the SAC notwithstanding that Plaintiff has previously withdrawn this claim twice—in his response to Defendants' motions to dismiss the original Complaint (D.I. 17 at 16) and in his response to Defendants' motions to dismiss the FAC (D.I. 29 at 15). In his response to Defendants' motion to dismiss Count IX of the SAC, Plaintiff again "withdraws his First Amendment Petitions Clause claim (Count IX)." (D.I. 41 at 15.) Count IX is dismissed.

13. The Court does not reach Defendant O'Sullivan's alternative argument that the claims against her should be dismissed under Rule 12(b)(5), as the Court has determined that the SAC fails to state a claim against O'Sullivan.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants Matthew Astfalk and Joseph Bloch's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to Serve Process (D.I. 38) is GRANTED. All claims against Defendants Astfalk and Bloch are dismissed without prejudice for failure to serve process.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (D.I. 39) is GRANTED-IN-PART and DENIED-IN-PART, as follows:

      A.     All claims against Defendants Treadwell and O'Sullivan are dismissed without prejudice for failure to state a claim.

      B.     Counts V, VI, VII, VIII and IX are dismissed as against Defendant NCC.

      C.     The case will proceed against Defendant NCC only on Counts I, II, III, IV, and X.

      D.     Any leave to amend to address the deficiencies must be filed on or before December 2, 2025. Should Plaintiff's proposed amended pleading seek to reassert claims he has expressly withdrawn, he must show good cause. Failure to show good cause may result in sanctions.

Dated: November 14, 2025

                                                       The Honorable Jennifer L. Hall
                                                       UNITED STATES DISTRICT JUDGE